IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:15-CR-87-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CHRISTOPHER JAMES GUINYARD, ) | |
| ) | |
| Defendant. ) | |

This case came before the court on August 16, 2016, for a hearing on the competency of Defendant Christopher James Guinyard ("Defendant") to determine whether Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, in accordance with 18 U.S.C. §§ 4241 & 4247(d). At the hearing the government was represented by Assistant United States Attorney James Kurosad and Defendant, who was present in the courtroom, was represented by Kelly Greene. The court advised Defendant of his rights under 18 U.S.C. § 4247(d). The government then offered into evidence the Forensic Evaluation dated June 30, 2016, which was prepared by Forensic Psychologist Samantha E. DiMisa, Ph.D. of the Federal Bureau of Prisons Metropolitan Correctional Center, pursuant to an order entered April 18, 2016. [DE-35]. According to the Forensic Evaluation, Defendant meets the criteria of the following diagnoses: Exhibitionistic Disorder, Sexually Aroused by Exposing Genitals to Physically Mature Individuals in a Controlled Environment, (2) Antisocial Personality Disorder, (3) Severe Cannabis Use Disorder in Sustained Remission in a Controlled Environment, (4) Severe Phencyclidine Use Disorder in Sustained Remission in a Controlled Environment, (5) Mild Stimulant Use Disorder (Cocaine) in Sustained Remission in a Controlled

Environment, and (6) Severe Alcohol Use Disorder in Sustained Remission in a Controlled Environment. Ultimately however, Dr, DiMisa determined that Defendant currently possesses a factual and rational understanding of the proceedings against him, has the capacity to assist legal counsel in his defense, and can adequately make decisions regarding his legal strategy. Dr. DiMisa concluded that Defendant is competent to stand trial. The court admitted the Forensic Evaluation into evidence without objection. The government offered no further evidence. Defendant offered no evidence and did not contest the findings and conclusions of the Forensic Evaluation.

After consideration of the positions of the parties and the Forensic Evaluation, the court does not find by a preponderance of the evidence, pursuant to 18 U.S.C. § 4241(d), that defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

So ordered, the 17th day of August 2016.

_____
Robert B. Jones, Jr.
United States Magistrate Judge